## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
Winston-Salem Division

Civil Action No. 1:17-cv-00713

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>SHANNON CHEVOLA and ZACHARI CHEVOLA,<br><br>Defendants. | **AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER AND DECLARATORY RELIEF** |

Plaintiff, American General Life Insurance Company ("American General"), through its attorneys, the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, hereby submits this Complaint in Interpleader and Declaratory Relief as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction under 28 U.S.C. 1331 and 29 U.S.C. 1132 because diversity exists between Plaintiff American General and the defendants, as American General and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, as the death benefit at issue is $500,000.00 at the time of filing this action.

2. Venue in this district is appropriate under 28 U.S.C. 1391 because one or more of the defendants reside in this jurisdiction.

### THE PARTIES

3. At all times relevant herein, American General was and is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business located in

-1-

Houston, Texas. American General is authorized to conduct business throughout the State of Michigan as a life insurer and conducts business in Michigan.

4. American General is informed and believes, and on that basis alleges, that defendant Zachari Chevola is an individual and citizen of the State of North Carolina and resides in Kannapolis, North Carolina, Cabarrus and Rowan Counties.

5. American General is informed and believes, and on that basis alleges, that defendant Shannon Chevola is an individual and citizen of the State of North Carolina and resides in Concord, North Carolina, Cabarrus County.

**FIRST CAUSE OF ACTION**
**INTERPLEADER**
**(Against All Defendants)**

6. American General realleges and incorporates by reference paragraphs 1 through 5 above as though fully set forth herein.

7. On or about September 30, 2008, Robert Chevola ("Decedent"), applied for a life insurance policy from American General. On the application, Decedent designated Julie Chevola, wife as primary beneficiary for 100% of the death benefit. Decedent designated his children Lisa Chevola, Nicholas Chevola and Zachari Chevola as contingent beneficiaries. A true and correct copy of Part A the application is attached as **Exhibit 1**

8. American General issued policy no. YH00877801 ("the Policy"), with an effective date of December 4, 2008 and a face value of $500,000.00. A true and correct copy of the Policy is attached hereto as **Exhibit 2.**

9. After issuance of the Policy, Decedent submitted a Change of Beneficiary form dated March 28, 2012 in which he designated Shannon Shoe (fiancé), John Chevola (brother), Lisa Chevola (daughter), Nicholas Chevola (son) and Zachari Chevola (son), as primary beneficiaries,

-2-

1233598v.1

Case 1:17-cv-00713-TDS-LPA   Document 1   Filed 08/04/17   Page 2 of 10

each with a 20% interest. American General processed the request and notified Decedent by letter dated April 16, 2012 that the changes had been made. A true and correct copy of the Change of Beneficiary request and letter dated April 16, 2012 are attached hereto as **Exhibit 3**.

10. Decedent submitted a second request to change the beneficiaries on or about January 25, 2013. On the form, Decedent designated Shannon Shoe, Mary Chevola and Lisa Chevola as primary beneficiaries, each to receive 20%. In the section for contingent beneficiaries, Decedent indicated that Nicholas Chevola and Zachari Chevola were to receive 20% each. A true and correct copy of the Change of Beneficiary form dated January 25, 2013 is attached hereto as **Exhibit 4.**

11. On or about February 20, 2013, American General wrote to Decedent to inform him that the primary and contingent beneficiary designations should each equal 100% and that the percentages could not be divided between primary and contingent beneficiaries. American General provided forms for Decedent to prepare in order to process his request. A true and correct copy of the February 20, 2013 letter is attached hereto as **Exhibit 5**.

12. Decedent submitted a third request to change the beneficiaries on or about December 1, 2014. On the Change of Beneficiary form of this date, Decedent designated Julie Ann Chevola (wife), as primary beneficiary for 100% of the proceeds. American General processed the request and notified Decedent by letter dated December 12, 2014 that the change had been completed. A true and correct copy of the Change of Beneficiary form dated December 1, 2014 and the letter dated December 12, 2014 are attached hereto as **Exhibit 6**.

13. On or about February 5, 2015, Decedent submitted fourth Change of Beneficiary form designating Shannon Shoe as primary beneficiary for 40% of the proceeds. Under the section for contingent beneficiaries, Decedent designated Lisa Chevola, Nicholas Chevola and Zachari

-3-
1233598v.1

Case 1:17-cv-00713-TDS-LPA   Document 1   Filed 08/04/17   Page 3 of 10

Chevola each to receive 20% of the proceeds. A true and correct copy of the February 5, 2015 Change of Beneficiary Form is attached hereto as **Exhibit 7**.

14. After receipt of the change form, American General wrote to Decedent on February 12, 2015 and informed him that the primary and contingent beneficiary designations should each equal 100% and that the percentages could not be divided between primary and contingent beneficiaries. American General provided forms for Decedent to prepare in order to process his request. A true and correct copy of the February 12, 2015 letter is attached hereto as **Exhibit 8**.

15. Decedent's fifth Change of Beneficiary form was submitted to American General on or about February 14, 2015, designating Shannon Shoe Chevola and Zachari Chevola as primary beneficiaries, each to receive 50% of the proceeds. American General wrote to Decedent on or about February 24, 2015 and informed him that the change had been made. A true and correct copy of the Change of Beneficiary from dated February 14, 2015 and the letter dated February 24, 2015 are attached hereto as **Exhibit 9**.

16. On or about July 13, 2015, Decedent submitted a sixth request to change beneficiaries. The Change of Beneficiary form designated Zachari Chevola as primary beneficiary for 100% of the proceeds. American General wrote to Decedent on or about July 23, 2015 advising that the change had been completed. A true and correct copy of the July 13, 2015 Change of Beneficiary form and the letter dated July 23, 2015 are attached hereto as **Exhibit 10**.

17. Decedent made a seventh request to change beneficiaries on or about November 27, 2016, designating Shannon Chevola whom he identified as "wife", as the primary beneficiary to receive 100% of the proceeds. American General processed the change on or about December 8, 2016. A true and correct copy of the Change of Beneficiary form dated November 27, 2016 is attached hereto as **Exhibit 11**.

-4-
1233598v.1

Case 1:17-cv-00713-TDS-LPA   Document 1   Filed 08/04/17   Page 4 of 10

18. American General is informed and believes and on that basis alleges that Decedent died on or about April 16, 2017.

19. On or about April 27, 2017, Shannon Chevola submitted a Proof of Death Claimant's Statement along with a copy of Decedent's death certificate. A true and correct copy of Shannon Chevola's Proof of Death Claimant Statement is attached hereto as **Exhibit 12.**

20. On or about April 11, 2017, Zachari Chevola wrote to American General contesting the change of beneficiary and asserting that Decedent lacked mental capacity at the time he submitted the last request to change the beneficiary.

21. American General wrote to Zachari Chevola on May 5, 2017, requesting documentation such as hospital and doctors' records reflecting Decedent's mental capacity at the time of changing the beneficiary designation. A true and correct copy of American General's May 5, 2017 letter is attached hereto as **Exhibit 13.**

22. On or about May 5, 2017, American General wrote to Shannon Chevola acknowledging receipt of the claim and also advising her that there was a dispute over the proceeds. American General further informed her that because of the dispute, American General was precluded from paying the claim without facing double liability. A true and correct copy of American General's May 5, 2017 letter is attached hereto as **Exhibit 14.**

23. On or about June 13, 2017, Zachari Chevola submitted a Proof of Death Claimant's Statement to recover the death benefit. The claim form was supported by a certified copy of the death certificate and a list of Decedent's health care providers. A true and correct copy of Zachari Chevola's claim form dated June 13, 2017 is attached hereto as **Exhibit 15**.

24. In response to this submission of information, American General wrote to Zachari Chevola on or about June 20, 2017, acknowledging receipt of the claim and also advising that

because the contest to the claim was based upon Decedent's mental capacity, American General would need doctors' records indicating such. The letter also informed Zachari Chevola that if the parties reached an agreement to place such agreement in writing and to alert American General to this fact. A true and correct copy of American General's letter dated June 20, 2017, is attached hereto as **Exhibit 16.**

25. On or about July 11, 2017, American General received a fax from attorney Benjamin Worley advising that he represented Zachari Chevola. In the letter, Attorney Worley stated Zachari Chevola "is the rightful beneficiary to the amounts owed under the life insurance policy issued to Robert Chevola, as the change of beneficiary designation listing Shannon Chevola as the beneficiary of the policy was not valid." Attorney Worley then demanded that no funds be paid out from the Policy until further notice from him. A true and correct copy of the July 11, 2017 letter from Attorney Worley is attached hereto as **Exhibit 17**.

26. American General is, and at all time mentioned in this Complaint has been, ready, willing, and able, to pay the death benefit to the person or persons legally entitled thereto. However, by virtue of the fact that Zachari Chevola has objected to the payment of any Policy proceeds to Shannon Chevola and claims that Decedent lacked mental capacity to change the beneficiary, there are actual conflicting claims relating to the death benefit.

27. American General is informed and believes, and on that basis alleges, that defendants Shannon Chevola and Zachari Chevola, and each of them, are persons known to American General to be asserting some right, title, or interest in the death benefit and that there are conflicting demands upon American General.

28. By reason of the conflicting claims to the death benefit, American General does not know and cannot determine the person or persons legally entitled to payment.

1233598v.1

29. American General is unable to determine with certainty the validity of the conflicting demands that are and may be made by defendants herein as described above, and cannot determine to whom to pay in light of the competing claims of Shannon Chevola and Zachari Chevola. Additionally, American General may be exposed to multiple claims or liability should it make payment of any, or all, of the death benefit to an individual not entitled to the benefits.

30. American General claims no interest in the death benefit, or any part thereof, other than as a mere stakeholder of the death benefit, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the Defendants, is indifferent as to which defendant or defendants should receive the death benefit. Accordingly, American General files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the death benefit.

31. American General has retained the services of attorneys in California and North Carolina for the purpose of protecting its interests arising out of the Defendants' actual and potential conflicting claims, and American General will be called upon to pay those attorneys for those services that they render in that regard. American General also will be compelled to incur costs and disbursements in the prosecution of this action. Those attorney's fees, costs and disbursements are and should be a legal charge upon the Policy proceeds and should be repaid to American General out of the death benefit at such time as the Court determines the proper beneficiary the death benefit.

32. American General cannot determine without hazard to itself which defendant's claim or claims, or potential claim or claims, are or may be valid. Defendants should be required to assert their respective claims to the death benefit and litigate these claims among themselves.

1233598v.1

33. American General has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the death benefit into this Court and to obtain judgment of this Court releasing American General from further participation in this matter, and for its fees and costs in interpleading the funds.

34. American General is entitled to a permanent injunction against all Defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against American General, arising from the Policy or the benefits payable under the Policy, and requiring Defendants to make any claim they might have with regard thereto in this action.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF
**(Against All Defendants)**

35. American General realleges and incorporates by reference paragraphs 1 through 33 above as though fully set forth herein.

36. An actual controversy has arisen and now exists between Defendants and American General concerning monies payable under the Policy, specifically as follows:

    a. American General is informed and believes, and on that basis alleges, that Shannon Chevola claims entitlement to the entirety of the death benefit by virtue of the change of beneficiary submitted by Decedent on November 27, 2016.

    b. American General is informed and believes, and on that basis alleges, that Zachari Chevola claims Decedent lacked the mental capacity to request a change of beneficiary in favor of Shannon Chevola for 100% of the proceeds.

37. By reason of the foregoing, there now exists an actual, justifiable controversy among the parties. The Court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

1233598v.1

38. American General desires a judicial determination of the rights and obligations of each of the parties to this action with respect to the policy in conformity with the allegations set forth herein.

39. A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

## **PRAYER**

WHEREFORE, American General prays for judgment against all defendants as follows:

1. That this Court decree that the Complaint is properly filed and that this is a proper cause for interpleader;

2. That the Clerk of this Court issue an order permitting American General to deposit the death benefit with this Court in an interest bearing account until such time as the Court determines the proper beneficiary of the death benefit;

3. That defendants each be compelled to interplead or settle among themselves their respective rights or claims to the death benefit and payable under the Policy by reason of Decedent's death;

4. That the Court enter an Order restraining Defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States Court against American General with respect to the Policy and the death benefit payable there under;

5. That American General be discharged from all liability to Defendants, and each of them, in this action or under the Policy;

6. That American General be awarded its cost of suit incurred herein, including its reasonable attorney's fees, to be paid out of the Policy proceeds; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 4th day of August, 2017.

            WILSON, ELSER, MOSKOWITZ,
            EDELMAN & DICKER, LLP


      By:  /s/ *Hannah Styron Symonds*
          Hannah Styron Symonds
          N.C. State Bar No. 28824
          260 Franklin Street, 14th Floor
          Boston, Massachusetts 02110
          Telephone: (617) 422-5302
          Facsimile: (617) 423-6917
          hannah.symonds@wilsonelser.com
          *Attorneys for Plaintiff*